## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIQUID LIQUID PUBLISHING, a New York general partnership, SALVATORE PRINCIPATO, SCOTT HARTLEY, RICHARD MCGUIRE, and DENNIS YOUNG p/k/a LIQUID LIQUID,<br><br>          Plaintiffs,<br><br>    v.<br><br>HICKIES, INC., a Delaware corporation, and MARMOSET LLC, an Oregon limited liability company,<br><br>          Defendants. | **Civil Action No.:**   1:20-cv-1297<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs Salvatore Principato, Scott Hartley, Richard McGuire, Dennis Young, and Liquid Liquid Publishing, a New York general partnership (collectively "Liquid Liquid" or "Plaintiffs"), by and through their undersigned attorney, for their complaint against Defendants Hickies, Inc. ("Hickies") and Marmoset LLC ("Marmoset") (collectively, "Defendants"), hereby allege the following:

### NATURE OF THIS ACTION

Liquid Liquid is a venerable New York City-based band known for its role in the No Wave musical movement during the late 1970s and early 1980s. The band had several hits, including a work titled "Optimo." Liquid Liquid owns registered copyrights for the "Optimo" composition and sound recording. In 2019, Defendant Hickies released an audiovisual commercial titled "Never Tie, Never Stop SS19," which features instrumentals that are substantially similar to Liquid Liquid's copyrighted "Optimo" track without securing the

necessary licenses, permissions, consents, and authority of Liquid Liquid.  A friend of the band saw the commercial on MSNBC and alerted them to the infringement.  Prior to Hickies production of the infringing video, Defendant Marmoset distributed an instrumental track to Hickies, which also infringes "Optimo."  Hickies used the infringing Marmoset track by synchronizing it with video images to create the derivative infringing "Never Tie, Never Stop SS19" audio-visual work.

## JURISDICTION AND VENUE

1.      This is an action for copyright infringement to recover damages and for injunctive relief for the injuries sustained by Liquid Liquid resulting from Defendants' continuous and willful violations of the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (hereinafter, "the Copyright Act").

2.      This Court has subject matter jurisdiction over this action pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*, 28 U.S.C § 1331, and § 1338(a).

3.      This Court has personal jurisdiction over Defendant Hickies, Inc. because it is registered to do business in New York, has a principal place of business in this Judicial District, and because it conducts systematic and continuous business in this District.

4.      This Court has personal jurisdiction over Defendant Marmoset, LLC because, on information and belief, it does systematic and continuous business in this District, including contracting with New York-based Hickies for its contributions to the "Never Tie, Never Stop SS19" commercial.

5.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C §§ 1391 and/or 1400(a).  Upon information and belief, Defendants and/or their agents may be found in this district and/or have principal places of business in this district and/or a substantial part of the acts of infringement complained of herein occurs or has occurred in this district.

**PARTIES**

6.       Plaintiff Liquid Liquid Publishing is a New York general partnership with a principal place of business in New York, New York.

7.       Plaintiff Salvatore Principato is a natural person residing in New York.

8.       Plaintiff Scott Hartley is a natural person residing in New York.

9.       Plaintiff Richard McGuire is a natural person residing in New York.

10.       Plaintiff Dennis Young is a natural person residing in New Jersey.

11.       Liquid Liquid is the original composer and owner of the copyrighted musical work titled "Optimo," the composition of which is registered under serial number PA0000187230 and sound recording under serial number SR0000778910.

12.       Defendant Hickies, Inc. is a Delaware corporation with a principal place of business at 134 North 4th Street, 2nd Floor, Brooklyn, New York that is duly authorized to do and presently doing business in this District.   Upon information and belief, Hickies, manufactures and distributes no-tie elastic shoe laces and produced a commercial titled, "Never Tie, Never Stop SS19" to advertise its products.

13.       Defendant Marmoset, LLC is an Oregon limited liability company that is presently doing business in this District. Upon information and belief, Marmoset is engaged in the licensing and production of musical recordings and contracted with Hickies to provide accompanying instrumentals for the "Never Tie, Never Stop SS19" commercial.

**BACKGROUND**

14.       Liquid Liquid is comprised of Sal Principato, Scott Hartley, Richard McGuire, and Dennis Young.  The band started their career in the 1980s in the New York City No Wave downtown scene playing a style of music that blended funk, dub reggae, Afrobeat, and punk rock.  They have recorded and produced several EPs, which were later re-issued as a compilation in 1997 and again in 2008 and 2015.  Liquid Liquid's works have been featured in many popular films, television series, and other media formats, including in the Grand Theft Auto IV and Tony Hawk Project 8 soundtracks.

15.     Liquid Liquid has composed numerous musical works and has registered the copyright in several of those works with the United States Copyright Office. Liquid Liquid derives a portion of its income from the sale, distribution, and licensing of its copyrighted musical works.

16.     Relevant here, in or about 1982, Liquid Liquid composed the musical work "Optimo" as a track on the "Optimo" EP.  In 1983, Liquid Liquid registered the copyright in the composition of "Optimo" under PA0000187230 and sound recording under serial number SR0000778910.

17.     "Optimo" consists of music and lyrics that are wholly original to Liquid Liquid.  "Optimo" begins with a cowbell beat, transitions into a multi-instrumental beat primarily of percussion instruments, and then incorporates lyrics.  Liquid Liquid's work is copyrightable subject matter under the laws of the United States.

18.     The "Optimo" EP was released in 1983 by 99 Records.  The tracks on the "Optimo" EP, including the track "Optimo," received instant popularity.  In addition to being performed live by Liquid Liquid, "Optimo" was popular in nightclubs and on radio stations. "Optimo" has been included in compilations of great songs, including Pitchfork Media's collection of *The Pitchfork 500*.

19.     Upon information and belief, in or around 2019, Defendant Hickies and Defendant Marmoset produced a commercial for Hickies' no elastic shoe-laces titled "Never Tie, Never Stop SS19."

20.     The "Never Tie, Never Stop SS19" commercial features an instrumental track comprised primarily of percussion instruments, including a beat played on a cowbell.  The instrumental track in the "Never Tie, Never Stop SS19" commercial sounds very similar to Liquid Liquid's copyrighted "Optimo" track and incorporates "Optimo" as the accompanying instrumentals, either through direct copying of the sound recording, or through reproduction of the musical composition, arrangement, and selection composed by Liquid Liquid.

21.     Upon information and belief, in or around 2019, Defendants posted and digitally distributed the "Never Tie, Never Stop SS19" commercial over the Internet via YouTube.

22.     A friend of Liquid Liquid band members saw the "Never Tie, Never Stop SS19" air on MSNBC and contacted the members to make them aware that the commercial featured instrumentals that copied "Optimo."

23.     The Hickies commercial was later posted on YouTube, where it was viewed by tens of thousands of individuals.

24.     Any differences, if they exist, between "Optimo" and the music accompanying Defendants' "Never Tie, Never Stop SS19" commercial, are insubstantial and do not amount to a transformative or "fair" use of Liquid Liquid's work.   The music accompanying Defendants' "Never Tie, Never Stop SS19" commercial contains essential compositional elements so similar as to evidence the conscious copying of one in pursuit of the creation of the other.  An individual listening to both "Optimo" and the music accompanying Defendants' "Never Tie, Never Stop SS19" commercial would easily perceive the similarities between the two works and could only conclude that the music accompanying Defendants' "Never Tie, Never Stop SS19" commercial would not exist but for the copying of "Optimo."

25.     Upon information and belief, Defendants' conduct was undertaken purposefully, willfully, knowingly and maliciously to the exclusion of, and without regard to the inevitable damage certain to result to Liquid Liquid's "Optimo."

26.     Upon information and belief, Defendants reproduced and distributed Defendants' "Never Tie, Never Stop SS19" commercial, which misappropriates Liquid Liquid's "Optimo," without the permission, license, or consent of Liquid Liquid resulting in substantial revenue for Defendants.

27.     Marmoset's production and distribution of the infringing instrumental track constitutes two distinct infringements.  Hickies' synchronization of the infringing track into

- 5 -

an audio-visual work also constitutes a distinct infringement as a derivative work.  Further, Hickies' release of the commercial constitutes a public performance of an infringing work.

## FIRST CAUSE OF ACTION:  COPYRIGHT INFRINGEMENT

28.     Liquid Liquid repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

29.     Liquid Liquid is the copyright owner of the musical work titled "Optimo," which is registered with the United States Copyright Office under PA0000187230 and SR0000778910.

30.     By producing, transmitting, and distributing the "Never Tie, Never Stop SS19" commercial, Defendants have reproduced, publicly performed, prepared derivative works based upon, and distributed copies of substantial portions of "Optimo" or derivative works thereof, without Liquid Liquid's permission or authorization.

31.     Defendants' conduct constituted, and continues to constitute, infringement upon Liquid Liquid's exclusive rights to publicly perform, reproduce, prepare derivative works based upon, and distribute "Optimo," all in violation of 17 U.S.C. §§ 106 and 501.

32.     Through Defendants' participation in, and contribution to, the distribution of the "Never Tie, Never Stop SS19" commercial in the United States, Defendants knowingly and willfully infringed and authorized others to infringe Liquid Liquid's copyright in the musical work "Optimo."

33.     As a result of Defendants' infringement, Liquid Liquid has been damaged in an amount yet to be ascertained.

34.     As a result of Defendants' infringement, Liquid Liquid has been irreparably harmed and, absent a permanent injunction restraining and enjoining Defendants' actions, such irreparable harm will continue.

35.     As a result of Defendants' infringement, Liquid Liquid is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages

for willful infringement.  Alternatively, upon Liquid Liquid's election, it shall be entitled to its actual damages plus Defendants' profits from infringement, as will be proven at trial.

36.     Plaintiffs are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION:  CONTRIBUTORY
COPYRIGHT INFRINGEMENT**

37.     Liquid Liquid repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

38.     Defendants, without authorization, individually and in concert with other persons and entities, encouraged, induced, and/or materially contributed to, the infringement of Liquid Liquid's copyrights in the musical work "Optimo" in that: (a) they distributed, performed, and/or exploited "Optimo" in the United States, and (b) they provided agreements for distribution of "Optimo" as the musical work accompanying Defendants' "Never Tie, Never Stop SS19" commercial in the United States.

39.     Defendants distributed the "Never Tie, Never Stop SS19" commercial, which incorporates Liquid Liquid's misappropriated musical work "Optimo," via YouTube to customers and subscribers, who Defendants knew would further reproduce, distribute, adapt, display and/or publicly perform the "Never Tie, Never Stop SS19" commercial, which incorporates Liquid Liquid's misappropriated musical work "Optimo," in further infringement of Liquid Liquid's copyrights in the musical work "Optimo."  Defendants authorized the infringements, had knowledge of such infringing activity, and induced, caused, or materially contributed to such activity.

40.     Defendants' acts complained of herein constitute contributory copyright infringement of Liquid Liquid's copyrights in the musical work "Optimo."

41.     Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Liquid Liquid's rights.

42.     As a direct and proximate result of Defendants' infringement, Liquid Liquid is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement.  Alternatively, upon Liquid Liquid's election, Liquid Liquid shall be entitled to actual damages plus Defendants' profits from infringement, as will be proven at trial.

43.     Plaintiffs are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

### THIRD CAUSE OF ACTION:  VICARIOUS COPYRIGHT INFRINGEMENT

44.     Liquid Liquid repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

45.     Defendants have the right, authority, and the ability to control or supervise the distribution of the "Never Tie, Never Stop SS19" commercial, which incorporates Liquid Liquid's misappropriated musical work "Optimo," via network television and YouTube to customers and subscribers, who in turn illegally reproduced, distributed, adapted, displayed and/or publicly performed the "Never Tie, Never Stop SS19" commercial, which incorporates Liquid Liquid's misappropriated musical work "Optimo," without authorization.

46.     Defendants had knowledge of Liquid Liquid's rights and interest in the musical work "Optimo" because Marmoset was aware that it had misappropriated "Optimo" and such knowledge is imputable to Defendants.

47.     Defendants obtained a direct financial interest, financial advantage, and/or economic consideration from the infringement in the United States as a result of the above referenced infringements.

48.     Defendants' acts complained of herein constitute vicarious copyright infringement of Liquid Liquid's copyrights in the musical work "Optimo."

49.     Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Liquid Liquid's rights.

50.     As a direct and proximate result of Defendants' infringement, Liquid Liquid is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), including the increased damages for willful infringement.  Alternatively, upon Liquid Liquid's election, Liquid Liquid shall be entitled to his actual damages plus Defendants' profits from infringement, as will be proven at trial.

51.     Plaintiffs are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

A.  That Defendants be held to have infringed Plaintiffs' copyrights.

B.  That Defendants be held to have willfully infringed Plaintiffs' copyrights.

C.  That Defendants be restrained and enjoined from infringing Plaintiffs' copyrights in any manner.

D.  That Defendants be restrained and enjoined from creating, issuing, or distributing or otherwise publishing any copies of the "Never Tie, Never Stop SS19" commercial, which incorporates Liquid Liquid's musical work "Optimo," that infringe Plaintiffs' copyrights.

E.  That the infringing copies of the "Never Tie, Never Stop SS19" commercial, which incorporates Liquid Liquid's musical work "Optimo," in Defendants' possession be impounded, pursuant to 17 U.S.C. §§ 502-503, to prevent and/or restrain further violations of Liquid Liquid's exclusive rights under 17 U.S.C. § 101, *et. seq.*

F.   That Defendants be ordered to pay Plaintiffs the maximum statutory damages, or, in the alternative, Plaintiffs' actual damages and any additional profits of Defendants attributable to Defendants' infringement.

G.   That Defendants be ordered to pay Plaintiffs' attorneys fees and costs of the action.

H.   That Defendants be ordered to pay pre-judgment interest.

I.   That Plaintiffs be awarded such other and further relief as this Court may deem just and proper.


## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues in this matter that may be so tried.

Date: March 10, 2020                          Respectfully submitted,


                                              */s/ Peter Scoolidge*
                                              Peter Scoolidge (PS7107)
                                              *peter@sprfllp.com*
                                              Margaret Scoolidge (MR4557)
                                              *margaret@sprfllp.com*
                                              SCOOLIDGE PETERS RUSSOTTI & FOX LLP
                                              2 Park Avenue – 19th Floor
                                              New York, NY  10016
                                              Tel: (212) 913-9455
                                              Fax: (866) 344-5070

                                              *Attorneys for Plaintiffs*